# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| PEREZ D. BASS, | ) | |
| Plaintiff, | ) | |
| VS. | ) | No. 18-1237-JDT-cgc |
| CHERYL TAYLOR, ET AL., | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT, GRANTING LEAVE TO AMEND AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 2)

On November 28, 2018, Plaintiff Perez D. Bass, who is incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 5.) The Court issued an order on November 29, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as Cheryl Taylor; Dr. First Name Unknown (FNU) Bishop, Optometrist; Medical Director FNU Preston; Medical Director Thomas Corman; FNU Stokes, RN; FNU Wuni, RN; Nicole Walker, Assistant Warden of Medical; Andrew Crothers; Allen Chalk, Mental Health Advocate; WCF Warden Arvil Chapman; Tony Parker, Commissioner of the Tennessee Department of Correction (TDOC); James Bellar, City of Whiteville Mayor; Jimmy Sain, Hardeman County Mayor; Cynthia Casagranda, TDOC Liaison; FNU McCalvin, RN; Dr. Larry Bloomingburg; the TDOC; CoreCivic; Corizon Health; and the City of Whiteville.

Bass alleges that he suffers from keratoconus, which is a chronic eye condition treated with "a special type of hard contact lense [sic]." (ECF No. 1 at PageID 4.) Bass received the contact lenses while he was housed at the Lois M. DeBerry Special Needs Facility. (*Id.* at PageID 4.) Bass was transferred to WCF in December 2015 and requested more contact solution for his lenses. (*Id.*) An unnamed nurse initially informed Bass that the contact solution was considered a cosmetic, so the facility did not carry it, but later gave him what he believed was the solution but actually was "eye wash by the name of 'Aqua.'" (ECF No. 1-1 at PageID 8.)

On October 8, 2016, Bass saw Dr. Bishop for eye pain and more contact lenses, but Dr. Bishop informed him that he had scar tissue on his left cornea that needed to be removed to prevent infection. (*Id.*) Unnamed optometrists at a clinic in Memphis, Tennessee, agreed Bass needed to have the scar tissue removed. (*Id.*) Bass alleges, however, that his requests to return to the clinic were repeatedly denied, he was told not to file further sick call requests, and he would not receive more contact lenses.[1] (*Id.*)

Bass eventually was taken to see Dr. Bloomingburg in Henderson, Tennessee, for new contact lenses, but Dr. Bloomingburg refused to give Bass the lenses until the WCF agreed to pay for them, which Bass alleges never happened. (*Id.* at PageID 8-9.) Bass alleges that the pain in his eyes has worsened and is constant, occurring even after he was given new contact lenses,[2] and that he suffers from loss of vision and headaches. (*Id.* at PageID 9.) Bass states, without elaboration, that he has a "list of problem [sic] that I'm having out of WCFA" which "is long and will take time to explain all of them." (*Id.*)

---

[1] Bass does not specify which Defendants, if any, denied his requests to return to the clinic.

[2] Bass does not state when he was given the new contacts.

2

Bass sues the Defendants in their official and individual capacities. (ECF No. 1 at PageID 1.) He seeks declaratory judgment, $10 million each in compensatory and punitive damages, and reimbursement of costs. (*Id.* at PageID 5; ECF No. 1-1 at PageID 11.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt

3

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Bass filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Bass does not state an official capacity claim against any Defendant. His claims against Defendants Parker and Casagranda in their official capacities are construed as claims against TDOC. All claims against the TDOC are, in turn, treated as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may

4

waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

Nor does Bass state official capacity claims against Mayor Bellar, which are construed as claims against the City of Whiteville, or Mayor Sain, which are construed as claims against Hardeman County. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Bass does not allege that he

suffered an injury because of an unconstitutional policy or custom of the City of Whiteville or Hardeman County.

Bass's official capacity claims against WCF employees are construed as against CoreCivic, which manages WCF.[3] Similarly, his official capacity claims against any employees of Corizon Health are construed as against Corizon. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against CoreCivic or Corizon Health, Bass "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Bass, however, has not alleged that a policy or custom of CoreCivic or Corizon Health was the "moving force" behind the alleged violation of his constitutional rights. Bass therefore fails to state a claim against CoreCivic or Corizon Health or against any CoreCivic/WCF or Corizon Health employee in his or her official capacity.

Bass also fails to state a claim against any Defendant in his or her individual capacity. Bass does not allege any action by Defendants Crothers, Casagranda, or Parker. When a complaint fails

---

[3] *See* https://www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html ("Whiteville Correctional Facility (WCF) is a time-building prison with a security designation of medium. WCF is managed by CoreCivic, a private corrections management firm.").

to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Bass alleges, without elaboration, that Defendants Taylor, Corman, Walker, Chapman, Chalk, Bellar, and Sain conspired to deny him treatment. (ECF No. 1-1 at PageID 9-10.) A plaintiff may plead a conspiracy claim under § 1983, but he must do so with specificity. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). "[V]ague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Id.* (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). This pleading standard for a claim of civil conspiracy is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). Bass offers no details whatsoever to support his assertion of a conspiracy. He therefore fails to state such a claim against any Defendant.

Bass's remaining claims are that Defendants Bishop, Bloomingburg, Preston, McCalvin, Stokes, and Wuni denied him treatment or provided inadequate treatment for his eyes. The Court reviews claims regarding the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" . . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not amount to cruel and unusual punishment. *Id.* at 838.

Bass does not state an Eighth Amendment violation against Drs. Bishop and Bloomingburg. Bass alleges he received treatment from Dr. Bishop, who first diagnosed the

8

scarring in his eyes and recommended removal of the scar tissue. Dr. Bloomingburg prescribed new contact lenses for Bass, but Bass was unable to pay for them. Neither of these doctors disregarded Bass's condition; they in fact treated Bass and recommended treatment that Bass sought. That Bass did not receive the treatment recommended or the contact lenses prescribed does not evince deliberate indifference to his medical condition.

Bass alleges that Defendant Preston denied him contact lenses "more than once" and refused to allow the removal of the scar tissue in his eye. (ECF No. 1-1 at PageID 9.) Bass alleges that, without the lenses and removal of the scar tissue, he has suffered a loss of vision and headaches. Bass does not specify the severity of his headaches, which on its own does not constitute a serious medical need. *See Smalley v. Hininger*, No. 1:14-0028, 2015 WL 4112410, at *5 (M.D. Tenn. July 8, 2015), *report and recommendation adopted*, No. 1:14-CV-028, 2015 WL 4542436 (M.D. Tenn. July 27, 2015) (allegations of "headaches and slight nosebleeds" insufficient to meet objective component). Bass's loss of vision is an objectively serious medical need. Bass, however, does not allege that Defendant Preston subjectively *knew* of Bass's need for treatment, and the risk to his health without it, and intentionally denied Bass that treatment. Defendant Preston cannot be held liable for "fail[ing] to alleviate a significant risk that he should have perceived but did not." *See Farmer*, 511 U.S. at 838. Bass's allegations therefore do not meet the subjective component and fail to state a claim against Defendant Preston.

Bass alleges that Defendant McCalvin gave him the eye wash that he alleges caused the scarring in his eyes. Even assuming Defendant McCalvin's treatment did lead to Bass's cornea scarring,[4] negligence or medical malpractice does not amount to a constitutional violation. *See*

---

[4] Bass does not allege any facts to support his conclusory statement that the eye wash caused corneal scarring.

*Farmer*, 511 U.S. at 835-36; *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Bass therefore does not state an Eighth Amendment claim against Defendant McCalvin.

Bass alleges that Defendants Stokes and Wuni denied him treatment in August and September 2016, when he "was having complication[s] with my eyes." (ECF No. 1-1 at PageID 10.) This general allegation does not sufficiently state a claim. Bass does not specify what either Defendant did, or failed to do, that allegedly constitutes deliberate indifference to his medical needs. *See Estelle*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs."). He therefore fails to state a claim against Defendants Stokes and Wuni.

For the foregoing reasons, Bass's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Bass should be given an opportunity to amend his complaint.

In conclusion, Bass's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend,

however, is GRANTED. Any amendment must be filed within twenty-one days after the date of this order.

Bass is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Bass fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE